UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Cause No. 1:23-CR-9-HAB |
| ) | |
| KELTON ANDERSON ) | |
| ) | |

**OPINION AND ORDER**

Before the Court is Defendant, Kelton Anderson's ("Anderson"), Motion to Incorporate Prior Motions, Memorandums and Court's Opinion and Order (ECF No. 103), filed on October 31, 2024. In that motion, Anderson asks the Court to "permit Anderson to incorporate by reference the facts and legal arguments made in the Motion to Suppress and Motion for *Franks* hearing (as well as the Government's responses thereto) to the search warrant affidavits" attached to the filing. (ECF No. 105, Exs. A through E).

For background, Defendant is presently set for a four-day jury trial beginning on December 3, 2024, for drug and gun offenses charged in a three-count superseding indictment. (ECF No. 95). The charges stemmed from evidence obtained from a GPS Tracking Device, as well as evidence seized from an apartment, alleged to be Anderson's, located on Bridgeway Drive ("the Bridgeway Apt.") in Fort Wayne, Indiana, and his GMC Truck. Early in the case, Anderson moved to suppress the evidence obtained during the search of his apartment (ECF No. 43) and sought a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978) (ECF No. 44.) Anderson challenged the probable cause for issuance of the search warrant and the veracity of the averments by the swearing officer in the search warrant affidavit that supported the warrant request for the apartment. On January 5, 2024, the Court issued its Opinion and Order denying both the motion to suppress and the request for a *Franks* hearing. (ECF No. 44).

Now, Anderson seeks to incorporate the parties' arguments and the Court's order from that Motion to Suppress to apply to five[1] other search warrant affidavits in the case, presumably to preserve for appeal the issue of whether the evidence obtained from the GPS tracker and the items seized from the GMC Truck should be suppressed on the same grounds raised in the original motion to suppress. The Government objects to the Defendant's request noting that the other search warrant affidavits in this case relate exclusively to the GPS tracker and the GMC Truck. The Government argues that merely incorporating prior arguments and the Court's prior opinion – none of which address the warrants for the GPS Tracker or the GMC Truck – does not allow it to make additional arguments it would have made had motions to suppress been filed relating to those warrants. In reply, Anderson notes that he simply wants to make sure the suppression issues are preserved for appeal.

Neither the Court's prior Opinion and Order nor the prior Motion to Suppress specifically address the warrants for the GPS Tracker or the GMC Truck. Although the five added warrant affidavits are similar to the one the Court evaluated in its prior Opinion and Order, the Court is hard-pressed to make any rulings as to the applicability of the prior Opinion and Order to other warrant affidavits without a motion to suppress before it and briefing from the parties. Accordingly, the Court:

(1) vacates the trial date and all trial related deadlines; and

(2) extends the pretrial motions deadline to November 15, 2024, to permit Defendant to file a Consolidated Motion to Suppress addressing all suppression issues not previously raised in a prior filing. Defendant may incorporate by reference to ECF No. any previously raised arguments he believes apply to his consolidated motion and that he wishes the Court to consider. Once Defendant files his motion, the Government shall have thirty (30) days to respond and the Defendant shall have thirty (30) days to reply.

The Motion to Incorporate (ECF No. 103) remains under advisement.

---

[1] Four of the warrant affidavits submitted are for the vehicle tracking device and one is for the GMC Truck.

SO ORDERED on November 7, 2024.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT JUDGE